(33 Misc. Rep. 304.)

### SKELLY v. JONES.

(Supreme Court, Trial Term, New York County. December, 1900.)

EJECTMENT—EVIDENCE—JUDGMENT ADMISSIBLE TO ESTABLISH TITLE.
    In ejectment, a judgment rendered in an action between a third party
    and plaintiff's grantor, affecting the property, though res inter alios acta,
    is admissible for the purpose of establishing plaintiff's title, since the
    rule that judgments are admissible only against the parties thereto or
    their privies does not apply where it is necessary to complete a chain
    of title by a judgment rendered in favor of strangers.

Ejectment by Patrick Skelly against Mary E. Jones. The com-
plaint was dismissed, and the plaintiff moves for a new trial.
Granted.

Henry W. Bookstaver, for the motion.
James P. Albright, opposed.

GILDERSLEEVE, J. The action is one of ejectment. The mo-
tion is for a new trial. The plaintiff, upon the trial, endeavored to
prove his title to the land in litigation by introducing a judgment
which had been obtained in an action between the city and plaintiff's
grantor. The defendant objected to the reception in evidence of
this judgment on the ground that it was res inter alios acta, and

not admissible as against defendant, who was neither party nor privy to the suit in which the judgment was obtained. The objection was sustained, and, as without the judgment the plaintiff's title was defective, the complaint was dismissed, with leave to submit briefs as to the admissibility of the judgment on the argument of the motion for a new trial. It is, without doubt, a general principle of law that a transaction between two parties in judicial proceedings is not binding upon a third party. In the case at bar, however, the judgment was offered merely for the purpose of establishing the plaintiff's standing in court by showing his chain of title. It was offered in the same manner as if it were a deed. In Whart. Ev. (2d Ed.) § 821, we find the following, viz.:

"It is also proper to observe that a judgment of a court of law or a decree of chancery is admissible, though res inter alios acta, to prove a link in a chain of title."

In section 823 of the same work Mr. Wharton particularizes as follows, viz.:

"We have already had occasion to dwell upon the important distinction between judgments, when offered between parties and privies, in which cases they are (with certain limitations already expressed) conclusive as to their subject-matters, and judgments when offered for or against strangers, in which case they are admissible only to prove their existence and their effects. In other words, judgments in the latter case are admissible to prove not why they were given, for this is res inter alios acta, but what they did, for this, when it is relevant, is admissible against all the world."

In the case of Barr v. Gratz's Heirs, 4 Wheat. 220, 4 L. Ed. 553, the highest court in the United States used the following language, viz.:

"It is true that, in general, judgments and decrees are evidence only in suits between the parties and privies. But the doctrine is wholly inapplicable to a case like the present, where the decree is not introduced as per se binding upon any rights of the other party, but as an introductory fact to a link in the chain of the plaintiff's title, and constituting a part of the muniments of his estate. Without establishing the existence of the decree, it would be impossible to establish the legal validity of the deed from Robert Johnson to the lessors of the plaintiffs, which was made under the authority of that decree; and under such circumstances to reject the proof of the decree would be, in effect, to declare that no title derived under a decree in chancery was of any validity, except in a suit between parties and privies, so that in a suit by or against a stranger it would be a mere nullity. It might with as much propriety be argued that the plaintiff was not at liberty to prove any other title deeds in this suit, because they were res inter alios acta."

The foregoing is a very old decision, but it is one in which such high authorities as Marshall and Story took part. In volume 12 of the American and English Encyclopedia of Law, at page 149d, we read as follows, viz.:

"As a rule, judgments are admissible against the parties thereto and their privies, and not against strangers. A judgment is admissible, however, in evidence against persons not parties to the action, for the purpose of proving the fact of its rendition, or as part of a chain of title, or to show the character of the possession of a party to the action, or to prove the existence of some other collateral fact."

The learned counsel for the defendant has referred me to several cases, which, however, do not seem to be irreconcilable with the ex-

ceptions to the general rule of evidence as indicated in the authorities above quoted. The case of Hurst v. McNeil, 1 Wash. C. C. 70, Fed. Cas. No. 6,936, upon which he apparently places the most reliance, is a trial term decision, which, so far as it may differ from the authorities above cited, should not prevail against them. I incline to the opinion that, within the limits above indicated, the judgment was admissible in evidence. As to the full force and effect of the judgment upon the issues presented in this case, I am not here called upon to express an opinion. The only question to be determined on this motion is the admissibility of the judgment. The motion for a new trial should be granted.

Motion granted.